[No. 20802. In Bank.—February 24, 1891.]

## Ex parte F. P. MORRISON, on Habeas Corpus.

Habeas Corpus — Vagrancy — Regularity of Judgment — Constitutional Law. — A person convicted of vagrancy by a judgment valid upon its face, but which does not show upon which clause of section 647 of the Penal Code the conviction was had, will not be presumed, on an application to be discharged on *habeas corpus*, to have been convicted under the first clause of that section; and if the complaint upon which the judgment was rendered is not in the record, the court will not pass upon the question whether the first clause of that section is constitutional.

APPLICATION to the Supreme Court for discharge upon writ of *habeas corpus.* The facts are stated in the opinion of the court.

*J. A. Harris,* for Petitioner.

*William S. Barnes,* for Respondent.

DE HAVEN, J.—This is a proceeding upon *habeas corpus.* It appears from the return to the writ that F. P. Morrison, the person in whose behalf the writ was issued, is detained by the superintendent of the house of correction of the city and county of San Francisco under and by virtue of a judgment of the police court of said city and county convicting the said Morrison of the crime of vagrancy, and adjudging that he be imprisoned therefor in said house of correction for the period of ninety days. The judgment was rendered February 5, 1891. The judgment appears to be regular on its face, and it does not appear therefrom under which clause of section 647 of the Penal Code said Morrison was convicted. It was argued that the first clause of this section is unconstitutional; but we cannot assume, for the purpose of passing on this question, or of discharging the prisoner, that this is the particular clause under which the conviction was had. The complaint upon which the judgment was rendered is not in this record. We cannot say, from the record before us, that the judgment is void. The said Morrison is remanded, and the writ discharged.

BEATTY, C. J., McFARLAND, J., GAROUTTE, J., PATERSON, J., HARRISON, J., and SHARPSTEIN, J., concurred.